# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 0:95-cr-06047-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOE WASHINGTON,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR RELIEF PURSUANT TO THE FIRST STEP ACT

The case comes before the Court on Defendant Joe Washington's Motion for Relief Pursuant to the First Step Act of 2018 [DE 349]. The Court has considered Defendant's Motion, the Government's Response [DE 352], and Defendant's Reply [DE 353].

In May 1997, a jury found Defendant guilty of conspiracy to distribute a detectable amount of cocaine base and of three counts of possession with intent to distribute a detectable amount of cocaine base. For the purpose of sentencing, the Court held Defendant accountable for 32.1 grams of cocaine base and determined that he had at least one prior conviction of a felony drug offense. Thus, Defendant was subject to a statutory sentence of between ten years and life imprisonment, as well as to at least eight years of supervised release. *See* 21 U.S.C. § 841(b)(1)(B) (1998). The Court imposed 4 concurrent 300-month sentences and 8 years of supervised release.

Congress subsequently passed the Fair Sentencing Act of 2010 to reduce the disparity in the treatment of cocaine base and powder cocaine offenses. *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013); *see* Pub. L. No. 111-220, 124 Stat. 2372 (increasing the quantities of cocaine base that are required to be sentenced under 21 U.S.C. § 841(b)(1)(A) and (B)). The Fair

Sentencing Act did not apply retroactively until Congress passed the First Step Act of 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* A court is not required to reduce a sentence under § 404. *Id.* Moreover, a sentence may not be reduced if the sentence was previously imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant made a previous motion for a sentence reduction under § 404 of the First Step Act that was denied on the merits. *Id.*

Defendant has been released from prison and is serving his term of supervised release. Defendant now asks this Court to reduce his term of supervised release.

Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. However, had the Fair Sentencing Act been in effect at the time of Defendant's offenses, he still would have been subject to a statutory term of at least 8 years of supervised release based on the sentencing Court's determinations that he was accountable for 32.1 grams of cocaine base and had at least one prior conviction of a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(B).

Defendant argues that the sentencing Court's finding that he was accountable for 32.1 grams of cocaine base violates *Alleyne v. United States* and *Apprendi v. New Jersey* because the jury found him guilty of crimes involving only a detectable amount of cocaine base. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) (concluding that any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury and found beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any

fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Holding Defendant accountable for only a detectable amount of cocaine base, with a prior felony drug conviction, would result in a statutory term of at least six years of supervised release. *See* 21 U.S.C. § 841(b)(1)(C).

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may be modified by a district court only in the limited circumstances provided in 18 U.S.C. § 3582(c). *Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Maiello*, 805 F.3d 992, 999 (11th Cir. 2015); *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A modification is permitted "to the extent . . . expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

Section 3582(c) does not permit a court to consider extraneous sentencing issues, such as a constitutional challenge. *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (concluding that a district court correctly declined to consider an Eighth Amendment claim in a § 3582(c) proceeding); *see also United States v. Cole*, 417 F. App'x 922, 923 (11th Cir. 2011) (concluding that a district court lacked jurisdiction to consider due process and equal protection claims in a § 3582(c) proceeding). All original sentencing determinations remain unchanged. *Bravo*, 203 F.3d at 781; *see also Cole*, 417 F. App'x at 923. "A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence." *United States v. Cherry*, 326 F. App'x 523, 527 (11th Cir. 2009) (stating that *Apprendi* could not be applied retroactively in a § 3582(c) proceeding).

The express provisions of Section 404 of the First Step Act permit a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Nothing within

the First Step Act permits a court to consider extraneous constitutional issues such as Defendant's challenge under *Alleyne* and *Apprendi*. Had the Fair Sentencing Act been in effect at the time that Defendant committed his offenses, the sentencing Court would have utilized a statutory sentence of between ten years and life imprisonment and at least eight years of supervised release. Consequently, the Court concludes that Defendant is not eligible for a reduction of his term of supervised release under the First Step Act.

In addition, even were Defendant eligible for a reduction, the Court would decline to reduce his term of supervised release. *See* Pub. L. No. 115-391, 132 Stat. 5194 (stating that nothing within the First Step Act "shall be construed to require a court to reduce any sentence"). Defendant recently filed a motion under 18 U.S.C. § 3583(e)(1) for early termination of his supervised release. *See* DE 346. This Court denied that motion based on Defendant's significant criminal history that includes violence and the fact that he was negotiating a sale of a much larger quantity of cocaine base when he was arrested. *See* DE 348, 351. For those same reasons, the Court would decline to reduce Defendant's term of supervised release under the First Step Act.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Relief Pursuant to the First Step Act of 2018 [DE 349] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 7th day of June, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record